Jason M. Silver (AZ Bar No. 016756) (*Pro Hac Vice*)
jsilver@silverlawplc.com
Ric D. Hulshoff (NV Bar No. 16410)
ric@silverlawplc.com
SILVER LAW PLC
7033 E. Greenway Parkway Suite 200
Scottsdale, Arizona 85254
Telephone: (480) 429-3360
Facsimile: (480) 429-3362

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | ) No. 2:25-cr-00006-JAD-NJK |
| | ) |
| Plaintiff, | ) **SENTENCING MEMORANDUM AND** |
| | ) **REQUEST FOR VARIANCE** |
| v. | ) |
| | ) |
| CANDIES GOODE-MCCOY, | ) |
| aka "Candies King Elliott," | ) |
| aka "Candies Ecola Smith," | ) |
| | ) |
| Defendant. | ) |

## I.    Preliminary Statement

CANDIES GOODE-MCCOY ("Candies") pleaded guilty to one count of the Information charging her with violation of Title 18, United States Code §286, a Class C felony offense, for conspiracy to defraud the government with respect to claims. This conviction of Candies represents a marked aberration in an otherwise mostly law-abiding life.

Candies takes full responsibility for her conduct and understands that she must now face the consequences of her actions. In determining the appropriate sentence, the Court should consider her individual history and characteristics.

There are many factors justifying a non-custodial sentence of probation, including:

- Soon after the government completed its investigation, undersigned Counsel negotiated a Plea Agreement with the government and saved the government tremendous prosecution resources.

- Candies not only accepts responsibility for her conduct, but she is also very remorseful and embarrassed.  Candies is currently employed as a driver and is the ONLY caregiver for four very young children, Lyrik, Jayce, Princess and Marie, ages 6, 3, 2 and 2 years old, respectively.  Candies is not currently involved with any tax preparation business and will not be in the future.  As such, Candies is in no position to re-offend.

This has been an impact case in Nevada and throughout the United States, and a prison sentence is not necessary in order to achieve the objectives articulated in 18 U.S.C. §3553(a)(2).  A strong message to the community has already been sent and it has been received loud and clear.  The goals of both general and specific deterrence have been achieved, and do not require a prison sentence.  Probation recommends five years of incarceration followed by three years of supervised release, with no fine and a special assessment of $100, in addition to restitution of $26,922,188.75.  Candies agrees with Probation's recommendation, except for incarceration.

On June 5, 2025, the United States Courts stated that for people involved in non-violent criminal cases, supervision not only presents a second chance at a productive life but saves taxpayers tens of thousands of dollars compared to costs associated with incarceration, according to figures compiled by the Administrative Office of the U.S. Courts. The Public Costs of Supervision Versus Detention.  Candies requests a second chance for not only herself, but so that she can be there for her 4 young children.

## II.    Candies' Personal Background and Character

A.  Personal History

The Presentence Report accurately lays out Candies personal and family data, physical condition, mental and emotional health, substance abuse, educational, vocational

and special skills, employment record, military, assets, liabilities and monthly income/expenses and ability to pay (PSR pars. 47 through 82, inclusive) and as such, I will not reiterate such.

### III.   The Offense Conduct

Candies accepts full responsibility for her conduct.  She knows that her conduct was wrong and illegal, and she understands that she must now face the consequences of her actions.  No matter what the sentence is, Candies will be a convicted felon.

### IV.   The Advisory Guidelines Calculation

The plea agreement between the United States and Candies stipulates that the base offense level for the violation of 18 U.S.C. §286 of U.S.S.G. § 2B1.1 is 6.  The specific offense characteristics for loss is an additional 24 levels.  The Probation Officer has added an additional 4 levels for role in the offense, which Defendant disagrees with such as stated in the Probation Officer's report at page 29, i.e., it should only be 2 levels as the parties Stipulated to in the Plea Agreement at par. 13.  The plea agreement also provides that due to the acceptance of responsibility of Candies, she is entitled to a total of 3 levels of departure under U.S.S.G. §3E1.1.

Candies' guideline calculation should be a base offense level of 32, minus 3 levels for acceptance of responsibility, which equals 29, which carries an advisory sentencing range of 87 to 108 months.

### V.   A Non-Guidelines Sentence of Probation Is Appropriate Under 18 U.S.C. § 3553(A)

The court must carefully consider all the factors set forth in 18 U.S.C. §3553(a), including "the history and characteristics of the defendant," and "impose a sentence sufficient, but not greater than necessary."  18 U.S.C. §3553(a)(1), (2)(A); *see id*.

Additional factors from 18 U.S.C. §3553(a) to be considered include the need for the sentence to "provide just punishment for the offense;" to adequately deter criminal conduct and protect the public from further crimes of the defendant.  18 U.S.C.

§3553(a)(2)(A)-(C).  Pertinent policy statements issued by the Sentencing Commission should also be considered.  18 U.S.C. §3553(a)(5).

As demonstrated by an application of these factors, a Guidelines sentence in this case would be unreasonable and "greater than necessary" to satisfy the sentencing goals articulated in 18 U.S.C. §3553(a)(2).

**Unique Facts and Circumstances that Warrant a Variance From the Guidelines**

### 1.    Impact Already Suffered

Candies' plea of guilty has been spread throughout the Nevada and the United States.

In *United States v. Anderson*, 533 F.3d 623, 633-34 (8th Cir. 2008), the court found a sentence "reasonable, appropriate and just" following a downward departure. The court noted as one factor the "atypical punishment" the defendant had suffered, including "loss of his reputation and his company, the ongoing case against him from the Securities and Exchange Commission and the harm visited upon him as a result of the fact that his actions brought his wife and friend into the criminal justice system."  *Id.*

### 2.    Loss of Support for Candies' Children

Although the family ties and responsibilities are not normally a grounds for a departure, under U.S.S.G. §5H1.6 (Policy Statement), commentary 1(B) "[a] departure under this policy statement based on the loss of caretaking or financial support of the defendant's family requires, in addition to the court's consideration of the non-exhaustive list of circumstances in subdivision (A), the presence of the following circumstances: (i) the defendant's service of a sentence within the applicable guideline range will cause substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family. * * *."

At stated in more detail in the PSR, at paragraphs 59 through 63, inclusive, Candies has 4 children under the age of 7, all of which she is solely responsible for their care.  Each of the children's fathers are not part of their life and they provide no emotional, financial or other support to these children.  If Candies is incarcerated, she has

NO family or friends that can care for her 4 children while she is incarcerated and such children will become a ward of the state and put into the state system, which will most likely be extremely detrimental to the children. If Candies is incarcerated, her 4 children will effectively be incarcerated with Candies and will greatly suffer due to her actions. The U.S. Courts have found that for defendants like Candies, incarceration is not necessary from a cost and other stand point and Candies can live a productive life caring for her 4 very young children.

### 3.    Contrition, Acceptance of Responsibility and Collateral Consequences

Candies has also accepted responsibility for her actions and pleaded guilty. Moreover, she has expressed extreme remorse to her friends and family. Candies' contrition and remorse are factors to be considered as a basis for a downward variance under 18 U.S.C. §3553(a). *United States v. Howe*, 543 F.3d 128, 138 (3d Cir. 2008). In *Howe*, the district court found that the defendant "recognize[d] the serious nature of [his] offense and [was] truly remorseful," sentencing him to probation and home confinement despite a Guidelines range of 18 to 24 months' imprisonment. *Id*. at 132-34. On appeal, the Third Circuit affirmed, holding that the defendant's "remorse at sentencing [was] a factor that [could] distinguish him from the universe of [other] white-collar offenders." *Id*. at 138.

Courts have similarly granted downward variances when the defendant has suffered collateral consequences as a result of his conviction. *See, e.g.*, *United States v. Pauley*, 511 F.3d 468, 470, 474-75 (4th Cir. 2007) (holding that consideration of collateral consequences of conviction is "consistent with §3553(a)'s directive that the sentence reflect the need for 'just punishment' and 'adequate deterrence'"). A non-custodial sentence is therefore more than sufficient to specifically deter any future criminal conduct by Candies and is also sufficient to generally deter similar conduct by other would-be offenders. *See United States v. Coughlin*, No. 06-200005, 2008 WL 313099, at *5-6 (W.D. Ark. Feb. 1, 2008) (holding that home confinement and probation

are capable of deterring white collar criminals "who cherish their freedom of movement and right of privacy").

### B. A Sentence of Probation Is Sufficient to Achieve the Goals of Sentencing

The factors in 18 U.S.C. §3553(a) weigh strongly in favor of a non-custodial sentence in this case. Based on his unique history and characteristics, Candies respectfully requests that the Court impose a sentence of probation, a special assessment of $100, and restitution of $26,922,188.75.

### VI.   Conclusion

For the foregoing reasons, Candies respectfully requests that the court impose a sentence of probation, a special assessment of $100, no fine and restitution of $26,922,188.75.

RESPECTFULLY SUBMITTED on this 20th day of March 2026.

SILVER LAW PLC

By:____s:/ Jason M. Silver_____

Attorney for Defendant

**COPY** of the foregoing transmitted
by ECF for filing this 20th day of March 2026,
to:
Clerk's Office
United States District Court

John Gerardi
John.gerardi2@usdoj.gov
Department of Justice
Attorneys for Plaintiff

Jordyn Pickrom, Probation Officer
U.S. Probation Office
 jordan_pickrom@nvp.uscourts.gov

/s/      L. Montero_____

-6-